```
UNITED STATES DISTRICT COURT
                                 SOUTHERN DISTRICT OF FLORIDA

                                 CASE NO. 09-23586-CIV-LENARD
                                          (03-14028-CR-MOORE)
                                 MAGISTRATE JUDGE P.A. WHITE

EDGAR JOE SEARCY,                :

        Movant,                  :     REPORT RE DISMISSAL
                                       FOR FAILURE TO OBTAIN
v.                               :     AUTHORIZATION PURSUANT TO
                                        28 U.S.C. §2244(b)(3)
UNITED STATES OF AMERICA,        :
ET AL.,

        Respondent.              :
_____
```

The pro-se movant, Edgar Joe Searcy filed a petition for an injunctive writ to stay an invalid jurisdiction, and attempts to incorporate Rule 60(b). He names as respondents the United States, the U.S. Bureau of Prisons and United States District Judge K. Michael Moore. A close review of this pleading reveals that this pleading is, in legal effect, Searcy's sixth attempt to collaterally attack his conviction and sentence for using the internet in an attempt to induce a minor to engage in sexual activity, entered December 5, 2003, following a guilty plea in case no. 03-14028-Cr-Moore.

He claims that the Bureau of Prisons refuses to acknowledge that his sentence exceeds the statutory maximum and that the Court must adjust his sentence to correct this error. This petition, in legal effect, is a successive motion to vacate, pursuant to 28 U.S.C. §2255.

On April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

>  (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.
>
> \* \* \*
>
> (b)(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.
>
> \* \* \*
>
> (Emphasis added.)

On the same day, April 24, 1996, 28 U.S.C. §2255 was amended in relevant part to provide the following:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The pro-se movant filed five prior motions to vacate attacking his conviction in case no. 03-14028-cr-Moore. The initial motion, assigned case no. 05-14334-Civ-moore was denied on June 26, 2006. The Eleventh Circuit declined to issue a certificate of appealability on January 24, 2007, Case No. 06-14031-I. The Supreme Court denied a writ of certiorari on May 29, 2007. The second petition, Case No. 07-21523-Civ-Gold, filed as a petition for writ of habeas corpus was dismissed as a successive motion to vacate on September 20, 2007. No appeal was taken. The third petition, Case No. 08-14266-Civ-Moore, filed as a petition for writ of error coram nobis was dismissed as a successive motion to vacate on August 27, 2008. On January 30, 2009, The Eleventh Circuit Court of Appeals declined to issue a certificate of appealability because the petitioner had failed to demonstrate the denial of a constitutional right. Case No. 08-15649G. Searcy's fourth prior petition, case no. 09-14066, was dismissed as successive on March 9, 2009. Searcy filed a motion for writ of error and audita quarela in his criminal case (Cr DE#153), and a Report is pending recommending that this petition be dismissed as a successive motion to vacate (CR DE#157).

If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The movant will be provided with a form to apply for such authorization with this report.

3

It is therefore recommended that this case be dismissed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 12th day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Edgar Searcy, Pro Se
    Reg. No. 04726-031
    FCI- Petersburg, VA
    Address of Record